810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Beulah W. BOOKER, Plaintiff-Appellant, Cross-Appellee,
v.
Joe BUCKLEY, Chairman of Shop Committee, Defendant-Appellee
Cross-Appellant.
 Nos. 85-3867, 85-3893.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1986.
 
 Before MERRITT, WELLFORD and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of plaintiff's appeal, docketed in this court as Case Number 85-3867, from the district court's order dismissing her complaint and defendant's cross-appeal, docketed in this court as Case Number 85-3893, from the same order denying his motion for the imposition of sanctions against plaintiff pursuant to Rule 11, Federal Rules of Civil Procedure, as amended 1983. The appeals were consolidated by order of this Court on December 3, 1985. As such, the action has been referred to a panel of the court pursuant to Rule 9, Rules of the Sixth Circuit. Upon consideration of the certified record and documents submitted in support thereof, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff filed an action in the district court alleging a denial of due process and equal protection of laws by the Ohio State Courts in an action against defendant for breach of the duty of fair representation. The matter was construed as a civil rights complaint filed under 42 U.S.C. § 1983 and a hybrid § 301, of the Labor Management Relations Act, 29 U.S.C. § 185 action. Defendant moved to dismiss alleging the matter is res judicata. He also moved for the imposition of Rule 11, Federal Rules of Civil Procedure, as amended 1983, sanctions against plaintiff due to the frivolous nature of the action. Having previously notified plaintiff of its intent and having granted a period for plaintiff to respond, the district court dismissed the action for lack of subject matter jurisdiction. In addition, the Court, considering plaintiff's pro se status, simultaneously overruled defendant's motion for Rule 11 sanctions. The alleged res judicata nature of the action was not addressed. Both parties timely appealed to this Court.
 
 
 3
 Upon consideration, this Court finds that the district court's order as it pertains to Case No. 85-3867 must be affirmed for reasons stated in the Court's Notice of Intent to Dismiss and October 8, 1985 order of dismissal. The Court further finds that the October 8, 1985 order must be affirmed as it pertains to defendant's appeal docketed as Case No. 85-3893. The district court's denial to impose Rule 11, Federal Rules of Civil Procedure, as amended 1983, sanctions against plaintiff was not an abuse of discretion. Plaintiff's pro se status and the absence of legal advice are appropriate factors as special circumstances to be considered when determining if Rule 11 has been violated. Rule 11, supra. (See annotations); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam). Sanctions are only mandated when a violation has occurred. Rule 11, supra; See Albright v. UpJohn Co., 788 F.2d 1217 (6th Cir.1986). The district court did not find that plaintiff had violated Rule 11, but cautiously warned that further filings of the action would be violative and warrant Rule 11 sanctions.
 
 
 4
 It is therefore, ORDERED that the district court's order as it pertains to both Case Numbers 85-3867 and 85-3893 be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.